Timothy B. Strauch
Ward E. "Mick" Taleff
Amanda Beckers Sowden
RESOLUTE LAW, PLLC
257 West Front Street, Ste. A
Missoula, MT 59802
T: (406) 532-2600  F: (406) 542-3332
tim@mtresolutelaw.com
mick@mtresolutelaw.com
amanda@mtresolutelaw.com

*Attorneys for Plaintiff*

**FILED**

NOV 29 2023

Beth Parks, Clerk
By R. Smith
Deputy Clerk

## MONTANA SECOND JUDICIAL DISTRICT COURT
## BUTTE-SILVER BOW COUNTY

| | | |
|---|---|---|
| FRANK RAISER, M.D., | ) | Cause No.: DV-23-308 |
| | ) | |
| Plaintiff, | ) | |
| | ) | Judge Robert J. Whalen |
| -vs- | ) | |
| | ) | |
| ST. JAMES HEALTHCARE, a Montana public benefit corporation, and John Does 1-10, | ) ) ) | **APPLICATION FOR A TEMPORARY RESTRAINING ORDER, SHOW CAUSE ORDER, AND PRELIMINARY INJUNCTION** |
| Defendants. | ) ) | |
| | ) | |

Plaintiff, Frank Raiser, M.D. ("Dr. Raiser") requests that this Honorable Court issue a temporary restraining order and an order to show cause why a preliminary injunction should not be issued pursuant to M.R. Civ. P., Rule 65 and Mont. Code Ann. §§ 27-19-201, 27-19-314, 27-19-315, and 27-19-316, for the following reasons and those outlined in his Verified Complaint and brief and declaration in support filed contemporaneously herewith.  Dr. Raiser asks the Court to enjoin St. James from all improper dissemination of peer review matters and proceedings to third parties and to take corrective measures.  Dr. Raiser requests the entry of a Temporary Restraining Order to prevent irreparable harm to him pending a hearing and decision on the

Motion. A proposed order containing the terms of the requested relief is lodged with this application.

1. Dr. Raiser files this application contemporaneously with the filing of his Verified Complaint for Injunctive Relief and Damages and Jury Demand ("Complaint") with the Court.

2. Where an application for an injunction is made upon an order to show cause, either before or after answer, the Court may enjoin the adverse party, until the hearing decision on the application, by a temporary restraining order. *See* Mont. Code Ann. § 27-19-314.

3. Dr. Raiser makes this application to preserve the status quo pending an adjudication of the legal issue in this case.

4. It clearly appears from the specific facts shown by the Declaration of Frank Raiser, M.D. submitted herewith that a delay will cause immediate and irreparable injury to Dr. Raiser before St. James Healthcare ("St. James") can be heard in opposition.

5. Dr. Raiser's Declaration discusses and contains certain peer review matters. Under St. James' Bylaws and Policies, and pursuant to §§ 50-16-201, et seq., and 50-16-542, et seq., Mont. Code Ann., all such peer review matters and proceedings are privileged, confidential, and may not be disseminated to third parties, except as expressly required or permitted by law. Thus, Dr. Raiser respectfully asks the Court to order the Declaration to be filed under seal of this Court.

6. Mont. Code Ann., § 27-19-201 authorizes this Court in its discretion to grant equitable, preliminary injunctive relief. Section 27-19-201 provides that a preliminary

injunction may be granted when the applicant establishes that:

(a) the applicant is likely to succeed on the merits;

(b) the applicant is likely to suffer irreparable harm in the absence of preliminary relief;

(c) the balance of equities tips in the applicant's favor; and

(d) the order is in the public interest.

Mont. Code Ann. § 27-19-201.

7. Dr. Raiser is entitled to a preliminary injunction preventing and correcting the improper dissemination of privileged and confidential peer review matter during the pendency of this action pursuant to Mont. Code Ann. § 27-19-201, for the following reasons:

a. There is a likelihood of success on the merits of his claims. Under the terms of the contract between the parties, and pursuant to §§ 50-16-201, et seq., and 50-16-542, et seq., Mont. Code Ann., all peer review matters and proceedings are privileged, confidential, and may not be disseminated to third parties, except as expressly required or permitted by law. Those statutes express the public policy of this State.

b. There is a likelihood of irreparable harm to Dr. Raiser's practice and professional reputation if the requested injunction is not granted. Dr. Raiser will suffer immediate and irreparable harm, loss, and injury if St. James does not retract and correct the improper dissemination of confidential and privileged peer review matter and desist from all further such improper dissemination of confidential and privileged peer review matter and interference with Dr. Raiser's business and livelihood. Granting this motion will preserve the status quo pending an adjudication of the legal issue in this

case.

      c.     The threat of harm to Dr. Raiser outweighs any potential harm to St. James. St. James has already improperly disseminated confidential and privileged peer review matter to third parties and interfered with Dr. Raiser's relationships with those parties twice. Entry of this requested order will not injure St. James, while Dr. Raiser will suffer greater injury from the denial of temporary injunctive relief.

      d.     The proposed injunction is in the public interest as expressly stated in Montana peer review statutes. *See* Mont. Code Ann. § 27-19-201.

      8. Dr. Raiser has no adequate remedy at law. Any delay in the issuance of a temporary restraining order until the hearing on a preliminary injunction will result in the immediate and irreparable harm to Dr. Raiser's business, career, and well-being, including the loss of goodwill and reputation, if an order or injunction is not entered requiring St. James to retract and correct the improper dissemination of confidential and privileged peer review matter and desist from all further such improper dissemination of confidential and privileged peer review matter and interference with Dr. Raiser's business and livelihood during the interim period.

      WHEREFORE, Dr. Raiser respectfully request that this Honorable Court order the following:

      1.     Order that Dr. Raiser's Declaration and the exhibits attached thereto be filed under seal of the Court.

      2.     The Court issue a Temporary Restraining Order stating until further order of the Court, St. James be immediately enjoined and restrained, directly and indirectly, whether alone or in concert with others, including any

officer, agent, employee, and attorney, and those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise, from any dissemination of peer review matters and proceedings concerning Dr. Raiser to third parties, except as expressly required or permitted by law;

3.  The Court issue a Temporary Restraining Order stating that until further order of the Court, St. James shall take immediate corrective action by retracting and withdrawing all privileged and confidential peer review matter improperly disclosed to any third party and notifying such third parties that such information was improperly and mistakenly disclosed and should be disregarded as if it never existed;

4.  Plaintiff be granted leave to commence discovery immediately.

5.  This Order shall remain in full force and effect until this Court specifically orders otherwise.

6.  Defendant St. James shall show cause before this Court on _____, _____, 2023, at _____ a.m./p.m., or as soon after as counsel may be heard, why a preliminary injunction should not be ordered according to the terms and conditions set forth above.

7.  Granting such other and further relief as this Court deems just and equitable.

## CERTIFICATION PURSUANT TO MCA § 27-19-315

The undersigned hereby certifies as follows:

1.  By letter dated November 29, 2023, emailed to Alan Mayer, M.D., Chief of

Staff, St. James Healthcare Medical Staff and Jay Doyle, President, St. James Healthcare, he attempted to give notice to St. James of Dr. Raiser's application for a temporary restraining order.  See **Exhibit "A"** attached hereto.

2. Further notice should not be required.  St. James has already disseminated confidential and privileged peer review matter to third parties and interfered with Dr. Raiser's relationships with those parties twice.  It has taken no steps to correct its actions and given no indication that it would not repeat such conduct if given the opportunity.

DATED this 29th day of November 2023.

RESOLUTE LAW PLLC

By: _____
        Timothy B. Strauch
        *Attorneys for Plaintiff*

Offices in Missoula, Great Falls & Billings



**RESOLUTE** LAW PLLC

Ward E. "Mick" Taleff
Timothy B. Strauch
Amanda Beckers Sowden

November 29, 2023

***By Email Only:***

Alan Mayer, MD
Chief of Staff
St. James Healthcare
400 S. Clark Street
Butte, Montana 59701
alan.mayer@imail.org

Jay Doyle
President
St. James Healthcare
400 S. Clark Street
Butte, Montana 59701
Jay.Doyle@imail.org

### Re: *Raiser v. St. James Healthcare*

Dear Dr. Mayer and Mr. Doyle:

My partners and I are the attorneys for Dr. Frank Raiser in connection with the above-referenced matter. Enclosed is a courtesy copy of the Verified Complaint for Injunctive Relief and Damages and Jury Demand we have filed on Dr. Raiser's behalf. This lawsuit concerns St. James' dissemination in October or early November 2023 of privileged and confidential peer review matter regarding Dr. Raiser to one or more third parties in breach of the Bylaws, Policies, and Montana law. Among other things, Dr. Raiser's Verified Complaint seeks a temporary restraining order as well as preliminary and permanent injunctive relief as follows:

    a. St. James shall take immediate corrective action by retracting and withdrawing all privileged and confidential peer review matter improperly disclosed to any third party and notifying those third parties that such information was improperly and mistakenly disclosed and should be disregarded as if it never existed; and

    b. St. James be precluded from any and all further dissemination of peer

257 West Front Street
Suite A
Missoula, Montana 59802
406.532.2600

tim@mtresolutelaw.com



EXHIBIT
A

Great Falls 406.761.9400
Billings 406.281.7001

www.mtresolutelaw.com

Alan Mayer, MD and Mr. Doyle
November 29, 2023
Page 2

review matters and proceedings to third parties, except as expressly required or permitted by law.

First, we request that you please notify St. James' attorney and have that person contact me to discuss this matter and our request for a TRO and injunctive relief to avoid unnecessary expense if possible.

Second, we request that you please notify St. James' insurer(s) of this claim.

Third, unless St. James will confirm immediately in writing its agreement to items a) and b) above, we wish to notify you of our intent to request an emergency Temporary Restraining Order later today pursuant to Mont. Code Ann. § 27-9-314 until the Court can hear and decide the Application for a temporary injunction.

Finally, you are hereby notified that Dr. Raiser demands that you, and all other agents and employees of St. James preserve all documents, tangible things, and electronically stored information related to the facts and circumstances alleged in the Verified Complaint, under penalty of law.

Please take affirmative steps to prevent anyone with access to your offices, archives, network, systems, and/or data from modifying, destroying, or concealing any such documents, records or things, whether intentionally or otherwise. Please immediately halt all routine practices and procedures which may result in the destruction or spoliation of potential evidence, including archival practices, automatic deletion protocols (i.e. any programs or settings that might automatically delete or expunge emails or other electronic records after a certain period of time), document shredding, and the reformatting, reimaging, or overwriting of data on any digital device (computer, tablet, phone, etc.) which may contain information about this matter.

Specifically, but without limitation, please take immediate action to preserve and protect all letters, e-mails, notes, memoranda, text messages, voice mail recordings, call or voicemail transcriptions or summaries, calendars, call logs, phone bills, or other physical or digital writings or recordings that reflect or relate to the facts and circumstances alleged in the Verified Complaint, and any other documents, records or other things about, related to, or reflecting any of the facts and circumstances alleged in the Verified Complaint.

Thank you for your prompt attention to these matters.

//

Alan Mayer, MD and Mr. Doyle
November 29, 2023
Page 3

Sincerely,
Resolute Law PLLC

Timothy B. Strauch