Timothy B. Strauch
Ward E. "Mick" Taleff
Amanda Beckers Sowden
RESOLUTE LAW, PLLC
257 West Front Street, Ste. A
Missoula, MT 59802
T: (406) 532-2600  F: (406) 542-3332
tim@mtresolutelaw.com
mick@mtresolutelaw.com
amanda@mtresolutelaw.com

*Attorneys for Plaintiff*

**FILED NOV 29 2023** Beth Parks, Clerk By R. Smith Deputy Clerk

## MONTANA SECOND JUDICIAL DISTRICT COURT
## BUTTE-SILVER BOW COUNTY

| | | |
|---|---|---|
| FRANK RAISER, M.D., | ) | Cause No.: DV-23-308 |
| Plaintiff, | ) ) ) | Judge Robert J. Whalen |
| -vs- | ) ) | |
| ST. JAMES HEALTHCARE, a Montana public benefit corporation, and John Does 1-10, | ) ) ) ) | **BRIEF IN SUPPORT OF APPLICATION FOR A TEMPORARY RESTRAINING ORDER, SHOW CAUSE ORDER, AND PRELIMINARY INJUNCTION** |
| Defendants. | ) ) | |

Frank Raiser, M.D. ("Dr. Raiser") files this brief in support of his Application for a Temporary Restraining Order and request for an order to show cause why a preliminary injunction should not be issued. Dr. Raiser asks the Court to enjoin St. James from all improper dissemination of peer review matters and proceedings to third parties and to take corrective measures. Dr. Raiser requests the entry of a Temporary Restraining Order to prevent irreparable harm to him pending a hearing and decision on the Application.

Defendant, St. James Healthcare ("St. James"), has already improperly disseminated confidential and privileged peer review matter to third parties and

interfered with Dr. Raiser's relationships with those parties twice.

Dr. Raiser will suffer immediate and irreparable harm, loss, and injury if St. James does not retract and correct the improper dissemination of confidential and privileged peer review matter and desist from all further such improper dissemination of confidential and privileged peer review matter and interference with Dr. Raiser's business and livelihood. *See* Declaration of Frank Raiser, M.D. ("Raiser Decl."), submitted herewith and requested to be filed under seal of Court. Dr. Raiser makes this motion to preserve the status quo pending adjudication of the legal issues in this case.

Dr. Raiser has no adequate remedy at law. Any delay in the issuance of a temporary restraining order until the hearing on a preliminary injunction will result in immediate and irreparable harm to Dr. Raiser's business, career, and well-being, including the loss of goodwill and reputation, if an order or injunction is not entered requiring St. James to retract and correct the improper dissemination of confidential and privileged peer review matter and desist from all further such improper dissemination of confidential and privileged peer review matter and interference with Dr. Raiser's business and livelihood during the interim period. *See* Raiser Decl.

Dr. Raiser is likely to succeed on the merits of this case. Under the terms of the contract between the parties, and pursuant to §§ 50-16-201, et seq., and 50-16-542, et seq., Mont. Code Ann., all peer review matters and proceedings are privileged, confidential, and may not be disseminated to third parties, except as expressly required or permitted by law. Those statutes express the public policy of this State.

**FACTUAL BACKGROUND**

1. Dr. Raiser is a physician licensed to practice medicine in the State of Montana practicing in Butte, Montana.

2. St. James is a Montana nonprofit, public benefit corporation operating a hospital and medical center in Butte, Montana.

3. Dr. Raiser practices as a surgeon, providing general surgery care to hospitalized patients.

4. In obtaining physician privileges at St. James in August 2004, Dr. Raiser submitted an application on the form prescribed by St. James, which stated that if granted privileges, Dr. Raiser would adhere to the Medical Staff Bylaws ("Bylaws") and Medical Staff Policies ("Policies") of St. James.

5. By applying for privileges at St. James, Dr. Raiser offered to practice at St. James in compliance with the Bylaws and Policies, which St. James accepted.

6. By granting privileges to Dr. Raiser, St. James offered to Dr. Raiser the privilege of practicing at St. James under the Bylaws and Policies, which Dr. Raiser accepted.

7. By applying for privileges conditioned on adherence to the Bylaws and Policies and by granting privileges pursuant to that application, the Bylaws and Policies constitute a contract between Dr. Raiser and St. James that has existed since the date that St. James granted physician privileges to Dr. Raiser, binding both parties to adhere to the terms thereof.

8. Article 12.2 of the Bylaws (Breach of Confidentiality) states:

Effective Credentialing, quality improvement, Peer Review activities, and Privileging, including consideration of the qualifications of Medical Staff Members and applicants, APPs and AHPs to perform specific procedures, must be based on free and candid discussions. Practitioners, APPs, AHPs and others participate in Credentialing, Privileging, quality improvement, and Peer Review activities with the reasonable expectations that this confidentiality will be preserved and maintained. Participants in the Credentialing, Privileging, quality improvement and Peer Review activities will execute and abide by any confidentiality agreement requested by the Hospital. Any breach of

confidentiality of the discussions or deliberations of the Medical Staff, Departments, or committees, except in conjunction with approved disclosures for Medical Staff functions, another System Member, health facility, professional society, affiliated Physician group, Peer Review committee, National Practitioner Data Bank, or licensing authority, is outside appropriate standards of conduct for this Medical Staff and will be deemed disruptive to the operations of the Hospital. If it is determined that such a breach has occurred, the MEC may undertake such corrective action as it deems appropriate.

*See* Raiser Decl., **Exhibit 1**.

9. The Policies provide that:

As a result of the Medical Staff's peer review and performance excellence programs, information is accumulated and will be utilized to provide objective data to assist the Medical Staff and the governing body in performing peer review activities and confirming the consistent and quality performance of Medical Staff members, APP and AHP.

   i.  Certain information contained in the files is privileged and confidential, and will be protected from disclosure to third parties as permitted by applicable State and Federal Law.

*See* Raiser Decl., **Exhibit 2**.

10. Accordingly, Dr. Raiser was contractually and legally entitled to have the reasonable expectation that the peer review privilege and confidentiality required under the Bylaws, Policies, and Montana law would always be preserved and maintained by St. James.

11. Dr. Raiser did have that reasonable expectation.

12. In late October or early November 2023, St. James improperly disseminated privileged and confidential peer review matter to one or more third parties. *See* Raiser Decl., **Exhibits 3 and 4**.

13. The recipients of that privileged and confidential peer review matter terminated their relationship or prospective relationship with Dr. Raiser as a consequence of St. James' disclosure.

14. Dr. Raiser has filed a Verified Complaint for a declaratory judgment, injunctive relief, and damages, which asserts that St. James' improper dissemination of privileged and confidential peer review matter was in breach of the contract between the parties created by the Bylaws and Policies, and in breach of Montana law.

15. Dr. Raiser was and is able to seek employment anywhere he wishes without the fear of further improper dissemination of peer review information and interference by St. James. If St. James' improper dissemination of peer review is not immediately corrected and enjoined, there is a substantial likelihood of serious or irreparable harm to Dr. Raiser's professional reputation, his ability to practice medicine in Montana or elsewhere, and hence his professional career.

16. St. James' improper dissemination of privileged and confidential peer review matter supports immediate equitable relief.

17. Dr. Raiser's Verified Complaint seeks a temporary restraining order; preliminary and permanent injunctive relief as follows:

    a.    St. James shall take immediate corrective action by retracting and withdrawing all privileged and confidential peer review matter improperly disclosed to any third party and notifying those third parties that such information was improperly and mistakenly disclosed and should be disregarded as if it never existed; and

    b.    St. James be precluded from any and all further dissemination of peer review matters and proceedings to third parties, except as expressly required or permitted by law.

//

## ANALYSIS

**1. All peer review matters and proceedings are privileged, confidential, and may not be disseminated to third parties, except as expressly required or permitted by law.**

The Bylaws and Policies constitute a contract between Dr. Raiser and St. James that has existed since August 2004, when St. James granted physician privileges to Dr. Raiser, binding both parties to adhere to the terms thereof. *See, e.g., Doe v. Community Medical Center, Inc.*, 2009 MT 395, ¶¶ 31-33, 353 Mont. 378, 221 P.3d 651.

Mont. Code Ann. § 50-16-203 states:

> All records and health care information referred to in 50-16-202 are confidential and privileged to the committee and the members of the committee as though the health care facility patients were the patients of the members of the committee. **All proceedings, records, and reports of committees are confidential and privileged.** (Emphasis added).

Under the terms of the contract created by the Bylaws and Policies, and pursuant to §§ 50-16-201, et seq., and 50-16-542, et seq., Mont. Code Ann., all peer review matters and proceedings are privileged, confidential, and may not be disseminated to third parties, except as expressly required or permitted by law. Those statutes express the public policy of this State.

St. James' improper dissemination of peer review information was in breach of the Bylaws, Policies, and Montana law. Such a report "announcing to all interested parties that a physician is being investigated ... has the potential for immediate harm as well as permanent harm, even if later retracted." *Doe*, 2009 MT 395, ¶ 37.

**2. St. James' improper dissemination of privileged and confidential peer review matter supports immediate equitable relief.**

Mont. Code Ann., § 27-19-201 authorizes this Court in its discretion to grant equitable, preliminary injunctive relief. Section 27-19-201 provides that a preliminary

injunction may be granted when the applicant establishes that:

    (a) the applicant is likely to succeed on the merits;

    (b) the applicant is likely to suffer irreparable harm in the absence of preliminary relief;

    (c) the balance of equities tips in the applicant's favor; and

    (d) the order is in the public interest.

Mont. Code Ann. § 27-19-201. *See also BAM Ventures, LLC v. Schifferman*, 2019 MT 67, 395 Mont. 160, 437 P.3d 142 (2019) ("District courts are afforded a high degree of discretion to grant or deny preliminary injunctions. Accordingly, we will not overturn the district court's decision absent a manifest abuse of discretion"); *Cole v. St. James Healthcare*, 2008 MT 453, 348 Mont. 68, 199 P.3d 810 (2008) (*ibid.*, temporary restraining order and preliminary injunction enjoining hospital from refusing to consider doctor to have full active staff privileges at hospital and ordering hospital to reinstate doctor's privileges to the status of full active staff privileges was warranted; hospital bylaws constituted a contract between doctor and hospital, and doctor was likely to succeed on the merits of his breach of contract claim, alleging that hospital breached bylaws by changing his staff status from "active" to "consulting" without giving him the three month notice required by the bylaws, and injunction protected both doctor's patients and his professional reputation, at a minimal cost to hospital); *Doe v. Community Medical Center, Inc., supra* (*ibid.*, temporary restraining order and preliminary injunction enjoining hospital from reporting physician's summary suspension to state and federal entities prior to the resolution of physician's action challenging that suspension as a breach of employment contract).

    Dr. Raiser is entitled to a Temporary Restraining Order and a preliminary

injunction preventing and correcting the improper dissemination of privileged and confidential peer review matter during the pendency of this action pursuant to Mont. Code Ann. § 27-19-201, for the following reasons:

    a.    There is a likelihood of success on the merits of his claims. Under the terms of the contract between the parties, and pursuant to §§ 50-16-201, et seq., and 50-16-542, et seq., Mont. Code Ann., all peer review matters and proceedings are privileged, confidential, and may not be disseminated to third parties, except as expressly required or permitted by law. Those statutes express the public policy of this State.

    b.    There is a likelihood of irreparable harm to Dr. Raiser's practice and professional reputation if the requested injunction is not granted. Dr. Raiser will suffer immediate and irreparable harm, loss, and injury if St. James does not retract and correct the improper dissemination of confidential and privileged peer review matter and desist from all further such improper dissemination of confidential and privileged peer review matter and interference with Dr. Raiser's business and livelihood. Granting this motion will preserve the status quo pending adjudication of the legal issues in this case.

    c.    The threat of harm to Dr. Raiser outweighs any potential harm to St. James. St. James has already improperly disseminated confidential and privileged peer review matter to third parties and interfered with Dr. Raiser's relationships with those parties twice. An entry of this requested order will not injure St. James, while Dr. Raiser will suffer greater injury from the denial of temporary and preliminary injunctive relief.

    d.    The proposed Temporary Restraining Order and injunction are in the public interest as expressly stated in Montana peer review statutes. *See* Mont. Code Ann. § 27-19-201.

## CONCLUSION

Dr. Raiser has no adequate remedy at law. Any delay in the issuance of a temporary restraining order until the hearing on a preliminary injunction will result in the immediate and irreparable harm to Dr. Raiser's business, career, and well-being, including the loss of goodwill and reputation, if an order or injunction is not entered requiring St. James to retract and correct the improper dissemination of confidential and privileged peer review matter and desist from all further such improper dissemination of confidential and privileged peer review matter and interference with Dr. Raiser's business and livelihood during the interim period.

Having made the requisite showing, Dr. Raiser is entitled to a Temporary Restraining Order pursuant to Mont. Code Ann. § 27-9-314 until the Court can hear and decide the Application.

Therefore, Dr. Raiser respectfully asks this Court to grant his motion for a temporary restraining order and order St. James to show cause why the Court should not enter a preliminary injunction.

DATED this 29th day of November 2023.

RESOLUTE LAW PLLC

By: _____
Timothy B. Strauch
*Attorneys for Plaintiff*