FILED
NOV 29 2023
Beth Parks, Clerk
By Smith
Deputy Clerk

# MONTANA SECOND JUDICIAL DISTRICT COURT
# BUTTE-SILVER BOW COUNTY

| | | |
|---|---|---|
| FRANK RAISER, M.D., | ) | Cause No.: DV-23-308 |
| Plaintiff, | ) | |
| | ) | Judge Robert J. Whalen |
| -vs- | ) | |
| | ) | |
| ST. JAMES HEALTHCARE, a Montana public benefit corporation, and John Does 1-10, | ) ) ) ) | **TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE** |
| Defendants. | ) ) | |

At a session of the Court held in the Second Judicial District Court in Butte, Silver Bow County, Montana, on November 29, 2023.

Present: Honorable Robert J. Whalen, District Court Judge

The Court has considered the Verified Complaint for Injunctive Relief and Damages and Jury Demand ("Verified Complaint"), Application for a Temporary Restraining Order, Show Cause Order, and Preliminary Injunction ("Application"), the supporting Brief, and the Declaration of Frank Raiser, M.D. ("Dr. Raiser"), and has determined the following:

1. Dr. Raiser has a likelihood of success on the merits of his claim. Under the terms of the contract created by the Defendant St. James Healthcare's ("St. James") Bylaws and Policies, and pursuant to §§ 50-16-201, et seq., and 50-16-542, et seq., Mont. Code Ann., all peer review matters and proceedings are privileged, confidential, and may not be disseminated to third parties, except as expressly required or permitted by law. Those statutes express the public policy of this State.

2. Dr. Raiser will suffer irreparable harm and loss if St. James does not retract and correct the improper dissemination of confidential and privileged peer review

matter and desist from all further such improper dissemination of confidential and privileged peer review matter and interference with Dr. Raiser's business and livelihood, before adjudication of the legal issue is resolved. Granting this motion will preserve the status quo pending adjudication of the legal issues in this case.

3. Dr. Raiser has no adequate remedy at law. Any delay in the issuance of a temporary restraining order until the hearing on a preliminary injunction will result in the immediate and irreparable harm to Dr. Raiser's business, career, and well-being, including the loss of goodwill and reputation, if an order or injunction is not entered requiring St. James to retract and correct the improper dissemination of confidential and privileged peer review matter and desist from all further such improper dissemination of confidential and privileged peer review matter and interference with Dr. Raiser's business and livelihood during the interim period.

4. The threat of harm to Dr. Raiser outweighs any potential harm to St. James. St. James has already improperly disseminated confidential and privileged peer review matter to third parties and interfered with Dr. Raiser's relationships with those parties twice. Dr. Raiser will suffer greater injury from the denial of temporary injunctive relief than St. James will suffer from the granting of such relief.

5. A Temporary Restraining Order until a hearing can be held on the request for a preliminary injunction is in the public interest as expressly stated in Montana peer review statutes.

6. This order is granted without notice because Dr. Raiser has made a showing that the requirements of Mont. Code Ann. § 27-19-201(1) are met, and Dr. Raiser's attorney has certified to the Court in writing the efforts that have been made to give

notice and the reasons supporting Dr. Raiser's claim that notice should not be required.

NOW, THEREFORE, IT IS ORDERED pursuant to M.R. Civ. P., Rule 65 and Mont. Code Ann. §§ 27-19-201, 27-19-314, 27-19-315, and 27-19-316, that Dr. Raiser's Application for a Temporary Restraining Order be and hereby is GRANTED, and:

1. Dr. Raiser's Declaration and the exhibits attached thereto shall be filed under seal of the Court.

2. Until further order of the Court, St. James is immediately enjoined and restrained, directly and indirectly, whether alone or in concert with others, including any officer, agent, employee, and attorney, and those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise, until further order of this court, from any dissemination of peer review matters and proceedings concerning Dr. Raiser to third parties, except as expressly required or permitted by law;

3. Until further order of the Court, St. James shall take immediate corrective action by retracting and withdrawing all privileged and confidential peer review matter improperly disclosed to any third party and notifying such third parties that such information was improperly and mistakenly disclosed and should be disregarded as if it never existed;

4. Plaintiff is granted leave to commence discovery immediately.

5. This Order shall remain in full force and effect until this Court specifically orders otherwise.

6. Defendant St. James shall show cause before this Court on December 7th,

_____, 2023, at 1:30 a.m./~~p.m.~~, or as soon after as counsel may be heard, why a preliminary injunction should not be ordered according to the terms and conditions set forth above.

7. Plaintiff must serve a copy of the pleadings in this case and this order on Defendant by December 4th, 2023.

8. The date and time of issuance of this Order is November 29, 2023, at 3:35 a.m./~~p.m.~~

ROBERT J WHELAN
Robert J. Whalen
District Court Judge