Timothy B. Strauch,
Ward E. "Mick" Taleff,
Amanda Beckers Sowden
RESOLUTE LAW, PLLC
257 West Front Street, Ste. A
Missoula, MT 59802
T: (406) 532-2600  F: (406) 542-3332
tim@mtresolutelaw.com
mick@mtresolutelaw.com
amanda@mtresolutelaw.com

*Attorneys for Plaintiff*

**FILED**

NOV 29 2023

By Beth Parks, Clerk
Deputy Clerk

## MONTANA SECOND JUDICIAL DISTRICT COURT
## BUTTE-SILVER BOW COUNTY

| | | |
|---|---|---|
| FRANK RAISER, M.D., | ) | Cause No.: DV-23-308 |
| Plaintiff, | ) ) ) | ROBERT J WHELAN<br>Judge ___JUDGE DEPT. II___ |
| -vs- | ) ) | |
| ST. JAMES HEALTHCARE, a Montana public benefit corporation, and John Does 1-10, | ) ) ) | **VERIFIED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES AND JURY DEMAND** |
| Defendants. | ) ) ) | SUMMONS ISSUED |

Plaintiff, Frank Raiser, M.D. ("Dr. Raiser"), for his Verified Complaint Injunctive

Relief and Damages and Jury Demand, states as follows:

### ALLEGATIONS COMMON TO ALL COUNTS

1. Dr. Raiser is a physician licensed to practice medicine in the State of Montana

practicing in Butte, Montana.

2. Defendant, St. James Healthcare ("St. James") is a Montana nonprofit, public

benefit corporation operating a hospital and medical center in Butte, Montana.

3. Defendants John Does 1 through 10 include other individuals or entities

whose actions have or may have contributed to Dr. Raiser's injuries and are or may be

liable to Dr. Raiser for damages, but whose names are not presently known. When the identity and liability of any Defendant fictitiously named becomes known to Dr. Raiser, he will amend this Complaint to properly identify such Defendant.

4. Dr. Raiser practices as a surgeon, providing general surgery care to hospitalized patients.

5. Dr. Raiser applied for and received physician privileges to practice at St. James in August 2004. Since that date, Dr. Raiser has practiced at St. James.

6. In obtaining physician privileges at St. James, Dr. Raiser submitted an application on the form prescribed by St. James, which stated that if granted privileges, Dr. Raiser would adhere to the Medical Staff Bylaws ("Bylaws") and Medical Staff Policies ("Policies") of St. James.

7. By applying for privileges at St. James, Dr. Raiser offered to practice at St. James in compliance with the Bylaws and Policies, which St. James accepted.

8. By granting privileges to Dr. Raiser, St. James offered to Dr. Raiser the privilege of practicing at St. James under the Bylaws and Policies, which Dr. Raiser accepted.

9. By applying for privileges conditioned on adherence to the Bylaws and Policies and by granting privileges pursuant to that application, the Bylaws and Policies constitute a contract between Dr. Raiser and St. James that has existed since the date St. James granted physician privileges to Dr. Raiser, binding both parties to adhere to the terms thereof.

10. The contract between Dr. Raiser and St. James was to be performed exclusively at St. James in Butte-Silver Bow County, Montana.

VERIFIED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES
AND JURY DEMAND - Page 2

11. Venue is proper in this Court as St. James resides in, and the contract at issue was to be performed in, Butte-Silver Bow County, Montana.

12. Pursuant to §§ 50-16-201, et seq., and 50-16-542, et seq., Mont. Code Ann., all peer review matters and proceedings are privileged, confidential, and may not be disseminated to third parties, except as expressly required or permitted by law. Those statutes express the public policy of this State.

13. Article 12.2 of the Bylaws (Breach of Confidentiality) states:

Effective Credentialing, quality improvement, Peer Review activities, and Privileging, including consideration of the qualifications of Medical Staff Members and applicants, APPs and AHPs to perform specific procedures, must be based on free and candid discussions. Practitioners, APPs, AHPs and others participate in Credentialing, Privileging, quality improvement, and Peer Review activities with the reasonable expectations that this confidentiality will be preserved and maintained. Participants in the Credentialing, Privileging, quality improvement and Peer Review activities will execute and abide by any confidentiality agreement requested by the Hospital. Any breach of confidentiality of the discussions or deliberations of the Medical Staff, Departments, or committees, except in conjunction with approved disclosures for Medical Staff functions, another System Member, health facility, professional society, affiliated Physician group, Peer Review committee, National Practitioner Data Bank, or licensing authority, is outside appropriate standards of conduct for this Medical Staff and will be deemed disruptive to the operations of the Hospital. If it is determined that such a breach has occurred, the MEC may undertake such corrective action as it deems appropriate.

14. The Policies provide that:

As a result of the Medical Staff's peer review and performance excellence programs, information is accumulated and will be utilized to provide objective data to assist the Medical Staff and the governing body in performing peer review activities and confirming the consistent and quality performance of Medical Staff members, APP and AHP.

    i. Certain information contained in the files is privileged and confidential, and will be protected from disclosure to third parties as permitted by applicable State and Federal Law.

15. Accordingly, Dr. Raiser was contractually and legally entitled to have the

reasonable expectation that the peer review privilege and confidentiality required under the Bylaws, Policies, and Montana law would always be preserved and maintained by St. James.

16. Dr. Raiser did have that reasonable expectation.

17. In late October or early November 2023, St. James disseminated privileged and confidential peer review matter to one or more third parties in breach of the Bylaws, Policies, and Montana law.

18. The recipients of that privileged and confidential peer review matter terminated their relationship or prospective relationship with Dr. Raiser as a consequence of St. James' disclosure.

19. St. James' dissemination of peer review information was in breach of the Bylaws, Policies, and Montana law.

20. Dr. Raiser is and was able to seek employment anywhere he wishes without fear of improper dissemination of peer review information and interference by St. James. The actions of St. James deprived Dr. Raiser of the peer review privilege and confidentiality to which he is entitled under the Bylaws, Policies, and Montana law and have caused and will continue to cause Dr. Raiser to suffer irreparable harm to his professional reputation, to his practice, career, livelihood, and to him personally.

## COUNT I - DECLARATORY JUDGMENT

21. Dr. Raiser brings this Count pursuant to the Montana Uniform Declaratory Judgments Act, Mont. Code Ann. § 27-8-201, et seq.

22. Pursuant to Mont. Code Ann. §§ 27-8-201 and 27-8-202, this Court has jurisdiction to declare and determine the rights of Dr. Raiser, an interested person,

under the contract between Dr. Raiser and St. James and under Montana law.

23. Mont. Code Ann. § 27-8-313 empowers this Court to grant such further relief based on a declaration of rights between Dr. Raiser and St. James as may be "necessary and proper."

24. The agreement between Dr. Raiser and St. James concerning the confidentiality of peer review matters expressed in the Bylaws and Policies and Montana law meets all the essential elements of a contract under Montana law, including:

    a.      Identifiable parties capable of contracting;

    b.      Consent of those parties;

    c.      A lawful object of the contract; and

    d.      Sufficient cause or consideration.

25. Dr. Raiser is entitled to a declaratory judgment that the provisions of the Bylaws and Policies and Montana law constituted a contract between him and St. James.

26. Under the terms of the contract between Dr. Raiser and St. James, and in accordance with Montana law, Dr. Raiser is entitled to a declaratory judgment as follows:

    a.      St. James disseminated privileged and confidential peer review matter to one or more third parties in breach of the contract and Montana law;

    b.      St. James shall take immediate corrective action by retracting and withdrawing all privileged and confidential peer review matter improperly disclosed to any third party and notifying those third parties that such information was improperly and mistakenly disclosed and should be disregarded as if it never existed; and

    c.      St. James is precluded from all further dissemination of peer review

matters and proceedings to third parties, except as expressly required or permitted by law.

27. Dr. Raiser is entitled to such injunctive and additional relief as necessary and proper to enforce his rights under the contract.

### COUNT II - BREACH OF CONTRACT

28. St. James breached the terms of its contract with Dr. Raiser as embodied in the Bylaws, Policies, and Montana law by improperly disseminating privileged and confidential peer review matter to one or more third parties, who terminated their relationships or prospective relationships with Dr. Raiser as a consequence of St. James' disclosure.

29. St. James' breaches of contract support both equitable relief and damages.

30. St. James' breach of contract caused substantial, foreseeable injuries to Dr. Raiser, for which he is entitled to recover damages, including, but not limited to, loss of income, lost revenue, lost profits and business opportunity, loss of goodwill, and loss of reputation.

### COUNT III – CONTRACTUAL BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

31. Under Montana law, the contract between Dr. Raiser and St. James requiring St. James to adhere to the Bylaws and Policies also contains an implied duty of good faith and fair dealing as a separate and distinct contractual term.

32. The actions of St. James as identified above and as identified in Count II of this Complaint also constituted a breach of the separate contractual duty of good faith and fair dealing.

33. St. James' breach of the implied covenant of good faith and fair dealing

caused substantial, foreseeable injuries to Dr. Raiser, for which he is entitled to recover damages, including, but not limited to, loss of income, lost revenue, lost profits and business opportunity, loss of goodwill, and loss of reputation.

## COUNT IV – TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS/PROSPECTIVE ECONOMIC ADVANTAGE

34. St. James' dissemination of privileged and confidential peer review matter regarding Dr. Raiser was intentional and willful.

35. St. James' dissemination of privileged and confidential peer review matter regarding Dr. Raiser was calculated to cause damage to Dr. Raiser's business and prospective economic advantage with the third parties.

36. St. James' dissemination of privileged and confidential peer review matter regarding Dr. Raiser was done with the unlawful purpose of causing damage or loss, without right or justifiable cause on its part.

37. St. James' dissemination of privileged and confidential peer review matter regarding Dr. Raiser resulted in actual damages and loss to Dr. Raiser, including but not limited to loss of income, revenue, profits and business opportunity, loss of goodwill, mental and emotional distress, damage to reputation, and loss of prestige.

## COUNT V - PRELIMINARY AND PERMANENT INJUNCTION

38. Dr. Raiser is entitled to a temporary restraining order and a preliminary injunction preventing and correcting the improper dissemination of privileged and confidential peer review matter during the pendency of this action pursuant to Mont. Code Ann. § 27-19-201, for the following reasons:

a.      Dr. Raiser has a likelihood of success on the merits of his claim.  Under the terms of the contract created by the Bylaws and Policies, and pursuant to §§ 50-16-201,

et seq., and 50-16-542, et seq., Mont. Code Ann., all peer review matters and proceedings are privileged, confidential, and may not be disseminated to third parties, except as expressly required or permitted by law. Those statutes express the public policy of this State.

b. Dr. Raiser will suffer irreparable harm and loss if St. James does not retract and correct the improper dissemination of confidential and privileged peer review matter and desist from all further such improper dissemination of confidential and privileged peer review matter and interference with Dr. Raiser's business and livelihood, before adjudication of the legal issue is resolved. Granting a temporary restraining order and then an injunction will preserve the status quo pending adjudication of the legal issue in this case.

c. The threat of harm to Dr. Raiser outweighs any potential harm to St. James. St. James has already improperly disseminated confidential and privileged peer review matter to third parties and interfered with Dr. Raiser's relationships with those parties twice. Entry of the requested orders will not injure St. James while Dr. Raiser will suffer greater injury from the denial of temporary injunctive relief.

d. A temporary restraining order and an injunction are in the public interest as expressly stated in Montana peer review statutes.

39. Dr. Raiser has no adequate remedy at law and therefore, entitled to a temporary restraining order followed by a preliminary injunction until the case can be heard by the Court. Any delay in the issuance of a temporary restraining order until the hearing on a preliminary injunction will result in the immediate and irreparable harm to Dr. Raiser's business, career, and well-being, including the loss of goodwill and

reputation, if an order or injunction is not entered requiring St. James to retract and correct the improper dissemination of confidential and privileged peer review matter and desist from all further such improper dissemination of confidential and privileged peer review matter and interference with Dr. Raiser's business and livelihood during the interim period.

40. Dr. Raiser is entitled to temporary and permanent injunctive relief as follows:

a.      St. James shall take immediate corrective action by retracting and withdrawing all improperly disseminated privileged and confidential peer review matter disclosed to any third party and notifying those third parties that such information was improperly and mistakenly disclosed and should be disregarded as if it never existed; and

b.      St. James is precluded from any and all further dissemination of peer review matters and proceedings to third parties, except as expressly required or permitted by law.

## **Request for Relief**

Wherefore, having fully set forth his claims, Dr. Raiser requests the following relief:

1. Granting a declaratory judgment as follows:

a.      that a contract existed between Dr. Raiser and St. James requiring adherence to the terms of the Bylaws and Policies and Montana law;

b.      that St. James disseminated privileged and confidential peer review matter to one or more third parties in breach of the contract and Montana law;

     c.     that St. James shall take immediate corrective action by retracting and withdrawing all privileged and confidential peer review matter improperly disclosed to any third party and notifying those third parties such information was improperly and mistakenly disclosed and should be disregarded as if it never existed; and

     d.     that St. James is precluded from all further dissemination of peer review matters and proceedings to third parties, except as expressly required or permitted by law.

     2. Granting a judgment for breach of contract, contractual breach of the implied covenant of good faith and fair dealing, and tortious interference with business relations and/or economic advantage in favor of Dr. Raiser;

     3. Granting temporary restraining order, preliminary and permanent injunctive relief as follows:

     a.     St. James shall take immediate corrective action by retracting and withdrawing all privileged and confidential peer review matter improperly disclosed to any third party and notifying such third parties that such information was improperly and mistakenly disclosed and should be disregarded as if it never existed; and

     b.     St. James is precluded from all further dissemination of peer review matters and proceedings to third parties, except as expressly required or permitted by law;

     4. Awarding Dr. Raiser reasonable damages in an amount to be determined at trial for loss of income, lost revenue, lost profits and business opportunity, loss of goodwill, mental and emotional distress, damage to reputation, loss of prestige, and for pre- and post-judgment interest on all such amounts to the extent permitted by law;

VERIFIED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES
AND JURY DEMAND - Page 10

5. Awarding Dr. Raiser his reasonable attorney fees, costs and expenses as allowed by law; and

6. Such other and further relief as to the Court seems just and equitable.

## Jury Demand

Dr. Raiser demands trial by jury with respect to all claims properly triable to a jury.

DATED this 29th day of November 2023.

RESOLUTE LAW PLLC

By: _____
Timothy B. Strauch
*Attorneys for Plaintiff*

## VERIFICATION

STATE OF MONTANA    )
                          : ss.
County of Butte-Silver Bow)

       PLAINTIFF FRANK RAISER, M.D., being first duly sworn on oath, says that he is

the Plaintiff in the above-entitled proceeding; that he has read the Verified Complaint

and Jury Demand and knows the contents thereof; and that the pleading is true to his

knowledge, except as to the matters stated in the pleading on information and belief,

and that as to those he believes it to be true.

                                         _____
                                         **FRANK RAISER, M.D.**

       SUBSCRIBED AND SWORN to before me this 28 day of November 2023.

LINDA LEE WALTEE
Notary Public for the
State of Montana
Residing at BUTTE, MT
My Commission Expires
November 6, 2025

_____
Notary Public for the State of Montana

Residing at Butte, MT

My commission expires: Nov 6, 2025

VERIFIED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES
AND JURY DEMAND - Page 12