Timothy B. Strauch
Ward E. "Mick" Taleff
RESOLUTE LAW, PLLC
257 West Front Street, Ste. A
Missoula, MT 59802
T: (406) 532-2600  F: (406) 542-3332
tim@mtresolutelaw.com
mick@mtresolutelaw.com

*Attorneys for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA

| | |
|---|---|
| FRANK RAISER, M.D., | Case No.: 2:24-cv-00030-BMM-JTJ |
| Plaintiff, | (Removed from Montana Second Judicial District Court Cause No. DV-23-308 and Montana Supreme Court No. DA 24-0242) |
| -vs- | |
| ST. JAMES HEALTHCARE, a Montana public benefit corporation, and John Does 1-10, | **PLAINTIFF'S MOTION TO REMAND** |
| Defendants. | ***EXEPEDITED BRIEFING AND CONSIDERATION REQUESTED*** |

Pursuant to 28 U.S.C. § 1447(c), Frank Raiser, M.D. ("Dr. Raiser") respectfully moves the Court to remand this matter on an expedited basis to the state district court and the Montana Supreme Court.

As explained in the accompanying Brief, this case has been in state court since last November. The district court granted a temporary restraining order, held an evidentiary hearing, and then issued a preliminary injunction enjoining St.

James Healthcare (the "Hospital") from further violations of the Hospital Bylaws and Montana law barring unauthorized disclosure of confidential peer review matter regarding Dr. Raiser to third persons. The Hospital appealed the preliminary injunction to the Montana Supreme Court. Dr. Raiser then amended his Complaint and moved for an injunction pursuant to M.R. Civ. P., Rule 62(c), to secure his rights and preserve the status quo as a credentialed member of the Hospital Medical Staff pending a decision on the merits of this case and the outcome of the appeal.

One week after Dr. Raiser filed the Amended Complaint and Rule 62 Motion, the Hospital removed to this Court both the district court action and the appeal, thereby terminating all motions and other requests directed to the state courts. That was after business hours on Friday, May 10, 2024. Having eliminated the state courts' ability to do anything by removing the cases to this Court, the following Monday, May 13, the Hospital summarily suspended Dr. Raiser,[1] in a clear attempt to circumvent the relief Dr. Raiser sought in state court.

The Hospital removed this action pursuant to 28 U.S.C. §§ 1441 and 1446 based on alleged original federal jurisdiction afforded by 28 U.S.C. § 1331. *See* Doc. 1. It asserts that "[f]ederal question jurisdiction exists because Plaintiff's due

---

[1] The purported bases for suspension are peer-review protected and cannot be disclosed here.

process claims arise under federal law and require resolution of issues under the Healthcare Quality Improvement Act (42 U.S. Code § 11101, et al.)." Doc. 1, ¶ 4.

Contrary to what the Hospital would have the Court believe, Dr. Raiser has not brought any "federal due process claims" and there is no basis on which this Court can properly assume jurisdiction under 28 U.S.C. § 1331. The First Amended Complaint (Doc. 5-30) includes the following causes of action: 1) equitable relief under Montana law to enforce Dr. Raiser's rights under the parties' contract, including but not limited to the peer review privilege, confidentiality, and due process to which he is entitled under the Hospital Bylaws, Policies, and applicable law; 2) breach of contract under Montana law, including but not limited to the peer review privilege, confidentiality, and due process to which he is entitled under the Hospital Bylaws, Policies, and applicable law; 3) contractual breach of the duty of good faith and fair dealing under Montana law; and 4) tortious interference with business relations/prospective economic advantage under Montana law.

This case does not arise "under the Constitution or laws of the United States" within the meaning of 28 U.S.C. § 1331. Under the well-established standard this Court must apply, no right or immunity created by the Constitution or laws of the United States is an essential element of any of Dr. Raiser's causes of action, all of which arise under Montana law. *Gully v. First Nat. Bank*, 299 U.S.

109, 112, 57 S.Ct. 96, 81 L.Ed. 70 (1936).  Further, there is no legal support in this Court or the Ninth Circuit for removal of a case pending in the Montana Supreme Court.

Since this Court has no original jurisdiction over any of the claims under 28 U.S.C. § 1331, 28 U.S.C. §§ 1367 and 1441(c) do not apply.

Dr. Raiser is contemporaneously filing a Motion for Expedited Briefing and Consideration of His Motion to Remand.  As explained there, the exigency arises because of reporting obligations once a physician is suspended.  The Hospital is required to report to the National Practitioner Data Bank ("NPDB") and the Montana Board of Medical Examiners ("MBME") any suspension of a physician's clinical privileges that lasts for more than 30 days that is based on competency or professional conduct.  42 U.S.C. § 11133, *et seq.*; Mont. Code Ann. § 37-3-403.  Here, the Hospital abruptly notified Dr. Raiser he was summarily (we contend improperly) suspended on May 13, 2024.  The 30-day period ends June 12, 2024.  Unless a court intervenes, the Hospital will report Dr. Raiser.  Because this Court has no jurisdiction, Dr. Raiser cannot seek necessary and emergency injunctive relief here to prevent the Hospital from submitting a likely career-ending Adverse Action Report before his case is heard on the merits.  See 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded"); *Seedman v. U.S. Dist. Ct. for*

*Cent. Dist. of Cal.*, 837 F.2d 413, 414 (9th Cir. 1988) (If a district court determines that removal was not appropriate, "it is divested of jurisdiction and can take no further action on the case.").

Dr. Raiser is ***not*** requesting fees and costs under 28 U.S.C. § 1447(c). His paramount concern is to have sufficient time to seek appropriate (and now already exigent, due to the Hospital's maneuvering) relief in state court.

Plaintiff's counsel conferred with Defendant's counsel, who does <u>not</u> consent to the relief requested, including the request for expedited briefing and consideration.

DATED this 19th day of May 2024.

> RESOLUTE LAW PLLC
>
> By: <u>/s/ Timothy B. Strauch</u>
>     Timothy B. Strauch
>
> *Attorneys for Plaintiff*