IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| FRANK RAISER, M.D.,<br><br>            Plaintiff,<br><br>vs.<br><br>ST. JAMES HEALTHCARE, a Montana public benefit corporation, and John Does 1-10.<br><br>            Defendants. | **CV-24-30-BU-BMM**<br><br>**ORDER** |

## BACKGROUND

Plaintiff Frank Raiser, M.D. ("Raiser"), has sued Defendants St. James Healthcare ("St. James") and John Does in Montana state court for alleged violations of St. James's peer review process and other actions relating to Raiser's employment as a surgeon. (Doc. 5-30.) Plaintiff Raiser filed in Montana state district court his First Amended Complaint ("the Complaint") on May 3, 2024. *Id.* The Complaint includes claims for equitable relief ("Count I"), breach of contract ("Count II"), contractual breach of the duty of good faith and fair dealing ("Count III"), and tortious interference with business relations / prospective economic

1

advantage ("Count IV"). *Id.* at 12-14. Plaintiff Raiser seeks damages, declaratory and injunctive relief, and fees and costs. *Id.* at 14-15.

Defendant St. James Healthcare timely removed this case to the Court on May 10, 2024. (Doc. 1.) Defendant St. James Healthcare asserts that the Court possesses "federal question jurisdiction" over the case "because Plaintiff's due process claims arise under federal law and require resolution of issues under the [Health Care] Quality Improvement Act (42 U.S. Code § 11101, et al.)." (Doc. 1 at 3.)

Defendant St. James Healthcare summarily suspended Plaintiff Raiser on May 13, 2024. *See* (Doc. 28 at 11-12.) St. James Healthcare must report Raiser's suspension, if based on competency or professional conduct, to the National Practitioner Data Bank if Raiser's suspension continues beyond June 12, 2024. *See* 42 U.S.C. § 11133(a)(1)(A). St. James Healthcare must report Raiser's suspension, if based on competency or professional conduct, to the Montana Board of Medical Examiners by June 12, 2024. *See* Mont. Code Ann. § 37-3-403.

Plaintiff Raiser moves for the Court to remand the case. (Doc. 9.) Raiser has moved further for expedited briefing on his motion to remand. (Doc. 11.)

## LEGAL STANDARD

"The district courts shall have original [subject matter] jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

28 U.S.C. § 1331. A defendant may remove a civil action brought in state court to federal district court if the federal court possesses original jurisdiction over the action. *See* 28 U.S.C. § 1441; *see also* § 1446.

"If at any time before final judgment it appears that the [federal] district court lacks subject matter jurisdiction [over a case that has been removed from a state court], the case shall be remanded." 28 U.S.C. § 1447(c). A federal district court must apply "a strong presumption" against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The defendant asserting federal jurisdiction bears the burden of establishing the propriety of removal to federal court. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

## DISCUSSION

"[A] suit arises under the Constitution and laws of the United States only when the plaintiff's statement of his own cause of action shows that it is based upon those laws or that Constitution." *Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 6 (2003) (quoting *Louisville & Nashville R. Co. v. Mottley,* 211 U.S. 149, 152 (1908)). In other words, "a claim arises under federal law only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1243 (9th Cir. 2009) (internal citation omitted).

State law claims "arise under" federal law for purpose of 28 U.S.C. § 1331 when, among other conditions, federal law constitutes "a necessary element of the [. . .] claim for relief." *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 699 (2006) (internal citation omitted); *see City of Oakland v. BP PLC*, 969 F.3d 895, 904 (9th Cir. 2020) ("federal jurisdiction over a state-law claim will lie if a federal issue is (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress") (internal quotation omitted).

The artful pleading doctrine permits a defendant to remove a case from state court "if a federal cause of action completely preempts a state cause of action" and the state court complaint "comes within the scope of the [preemptive] federal cause of action." *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. California*, 463 U.S. 1, 24 (1983). "[C]omplete preemption for purposes of federal jurisdiction under § 1331 exists when Congress: (1) intended to displace a state-law cause of action, and (2) provided a substitute cause of action." *City of Oakland* at 906 (citing *Hansen v. Grp. Health Coop.*, 902 F.3d 1051, 1057 (9th Cir. 2018)).

Raiser's Complaint fails to present a federal question on its face. *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). "When a claim can be supported by alternative and independent theories—one of which is a state law

theory and one of which is a federal law theory—federal question jurisdiction does not attach because federal law is not a necessary element of the claim." *Rains v. Criterion Sys., Inc.*, 80 F.3d 339, 346 (9th Cir. 1996). An alternative state law theory of relief exists for each of Raiser's claims. Federal law does not represent a *necessary* element of any claim Raiser has alleged.

"Due process," contrary to St. James's assertion, proves not to be an "essential" element of any of Raiser's pleaded causes of action. (Doc. 5-30 at 12-13.) Raiser seeks declaratory and equitable relief based on "[. . .] applicable federal [. . .] law" in his Count I. (Doc. 5-30 at 12.) Raiser claims in Count I allege an entitlement to relief to enforce his contractual rights, "including but not limited to the peer review privilege, confidentiality, and due process to which he is entitled under the Bylaws, Policies, and applicable law." (Doc. 5-30 at 12-13.) Raiser also seeks relief in Count I based on "the rights of Dr. Raiser under the contract between him and St. James" and "under applicable [. . .] state law." *Id.*; *see Cole v. St. James Healthcare*, 199 P.3d 810, 814 (Mont. 2008) (assuming that hospital bylaws constituted a contract between a hospital and practitioner with privileges at the hospital).

State law could support Raiser's Count I without federal law. Federal law, in other words, exists not as an essential or necessary element of Count I but merely one "alternative and independent theory" for relief among several articulated

5

regarding the cause of action. *Rains* at 346. Any alleged violation of federal law need not necessarily be determined to resolve Count I as Raiser also asserts alleged violations of state law to support his request for declaratory relief. *See e.g., Est. of Champion by & through Cellan v. Billings Skilled Nursing Facility, LLC*, 591 F. Supp. 3d 892, 902 (D. Mont. 2022). Moreover, Raiser argues that his claim for relief based on "due process" seeks vindication of non-federal "due process" rights that arise out of the parties' contract and Montana state law. (Doc. 10 at 14); *cf. Cole*; *Doe v. Cmty. Med. Ctr., Inc.*, 221 P.3d 651 (Mont. 2009).

The artful pleading doctrine does not apply to Raiser's action because St. James has failed to show that any federal law "completely preempts" Raiser's claims. *Franchise Tax Bd. Of State of Cal. v. Const. Laborers Vacation Trust for So. Cal.*, 463 U.S. 1, 14 (1983). St. James argues that Raiser creates a federal question by embedding federal issues, namely the question of compliance with Health Care Quality Improvement Act ("HCQIA") mandates, in his state law claims. (Doc. 28 at 13-14.) Although Raiser cites to the HCQIA in state court filings other than his Complaint, *see e.g.* (Doc. 5-31 at 10), Raiser's Complaint never once mentions the HCQIA. *See generally* (Doc. 5-30.) St. James fails to meet its burden of establishing the propriety of removal based on the preemptive force of federal law because St. James has presented no authority for the proposition that the HCQIA (or any other federal law) preempts any of Raiser's

6

claims. *See generally* (Doc. 28); *see Doe* at 659 (concluding that the HCQIA did not preempt a Montana state court's entry of injunctive relief that prohibited a hospital from reporting to the National Practitioner Data Bank as required by the HCQIA); *Cole v. St. James Healthcare*, 199 P.3d 810, 814-816 (Mont. 2008) (upholding state court injunction of defendant "from making any adverse report to the National Practitioner Data Bank regarding the [defendant's] reduction of [plaintiff's] privileges"). The Complaint includes a factual allegation of St. James's mandatory responsibilities as to the National Practitioner Data Bank—a creature of the HCQIA—but "[t]he mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." *Nevada v. Bank of Am. Corp.*, 672 F.3d 661, 674 (9th Cir. 2012) (internal quotation omitted).

Finally, it remains well established that the existence of a federal defense cannot confer federal question jurisdiction. *Louisville & N.R. Co. v. Mottley*, 211 U.S. 149 (1908). St. James may or may not possess a defense under the federal Health Care Quality Improvement Act of 1986 or some other federal law. The Court need not decide because the presence of such a federal defense would not alter the Court's analysis of whether it possesses federal question jurisdiction under 28 U.S.C. § 1331.

Raiser, on his return to a state forum, may find that he has estopped himself from asserting certain arguments based on federal law. Compare (Doc. 5-31 at 10)

7

("[Raiser's] interest is protected by the Fourteenth Amendment") with (Doc. 10 at 14) ("there is no claim under the Fourteenth Amendment"). That question and related questions belong in Montana state court.

## ORDER

Accordingly, **IT IS ORDERED** that:

1. Raiser's Motion to Remand (Doc. 9) is **GRANTED**.

2. Raiser's Motion to Expedite Briefing and Consideration to Remand (Doc. 11) is **DENIED as moot**.

**DATED** this 6th day of June, 2024.

_____
Brian Morris, Chief District Judge
United States District Court